UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GENARO CAMPOS,

        Plaintiff,

    -v.-                                9:06-CV-0270
                                             (LEK/DRH)

DOMINICK, Correction Officer,
Mt. McGregor Correctional Facility,

        Defendant.

APPEARANCES:

GENARO CAMPOS
Plaintiff, *pro se*

LAWRENCE E. KAHN, U.S. District Judge

**DECISION AND ORDER**

    Plaintiff Genaro Campos ("Plaintiff") commenced this action on March 1, 2006, by filing a civil rights Complaint together with an application to proceed *in forma pauperis* ("IFP"). See Complaint & IFP Applic. (Dkt. Nos. 1, 2). In his Complaint, Plaintiff alleges that, while he was incarcerated at Mt. McGregor Correctional Facility, Defendant Dominick retaliated against Plaintiff by filing a false misbehavior report against Plaintiff and placing Plaintiff in the special housing unit in retaliation for Plaintiff filing a complaint against the Defendant.[1] See Complaint (Dkt. No. 1). For a more complete statement of Plaintiff's claims, refer to the Complaint.

---

[1] Plaintiff also seems to claim that the grievance staff at both Mt. McGregor Correctional Facility and Attica Correctional Facility failed to address Plaintiff's grievances. See Complaint (Dkt. No. 1) at 5. Since no member of the grievance staff is a defendant to this action, this claim is not considered by the Court. Furthermore, any action commenced against a member of the grievance staff at Attica, which is located in Wyoming County, should be filed in the United States District Court for the Western District of New York. See New York State DOCS website *at* http://www.docs.state.ny.us/faclist.html (last visited July 11, 2006); 28 U.S.C. § 112(d).

By Order of the Court filed on March 2, 2006 ("March Order"), the Honorable David R. Homer, United States Magistrate Judge, directed Plaintiff to submit to the Court either the full filing fee of $250.00 or a signed inmate authorization form within thirty (30) days of the filing date of that Order. See March Order (Dkt. No. 3). Judge Homer also informed Plaintiff, in the March Order, that failure to comply with the terms of that Order could result in dismissal of the action. See id.

To date - more than four months after Judge Homer issued his Order - Plaintiff has neither paid the full filing fee of $250.00 or submitted to the Clerk a signed inmate authorization form. The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), provides that an inmate who seeks *in forma pauperis* status is required to pay, over a period of time, the full amount of the filing fee provided for in 28 U.S.C. § 1914(a) - which at the time this action was filed was $250.00. See March Order (Dkt. No. 3); 28 U.S.C. §§ 1914(a), 1915(b). Additionally, in accordance with the Local Rules of Practice of the Northern District of New York, all such inmates are required to execute a signed, fully completed and properly certified *in forma pauperis* application as well as the authorization form issued by the Clerk's Office. See N.D.N.Y. L.R. 5.4(b). Plaintiff has not provided the Court with said authorization form issued by the Clerk's Office pursuant to the Local Rules.

United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case. See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)). Although Southridge addressed discovery orders, there is no difference for

non-compliance with any other court order.  See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was dismissed from the case).  Furthermore, the Second Circuit has held that "it is unquestioned that [Federal Rule of Civil Procedure] 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute". LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Calabresi, J.) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).  Rule 41(b) addresses not only Plaintiff's failure to prosecute, but also Plaintiff's "failure... to comply with these rules or any order of court".  FED. R. CIV. P. 41(b).  See also Dumpson, 2004 WL 1638183, at *2 ("a court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court.... Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this 'should not extend to the disregard of a judge's plain directives.'") (citing, *inter alia*, Costello v. United States, 365 U.S. 265, 286-87 (1961); Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996)).

The law and the Rules require that Plaintiff either pay the filing fee in full or submit a signed authorization form.  Judge Homer's Order directed compliance.  Plaintiff has failed to comply. Therefore, after considering all of the relevant factors, this Court hereby orders that Plaintiff's complaint be dismissed, and this case be closed.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**, and the Clerk of the Court is directed to **CLOSE** this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED**.

DATED:   July 14, 2006
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge